UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JONATHAN HILL,

                             Plaintiff,

           -against-

THE CITY OF NEW YORK; AKM ALAM, Individually
and in His Official Capacity; CHRISTOPHER POPOVIC,
Individually and in His Official Capacity; RAVI
RAMBARAN, Individually and in His Official Capacity;
DANIEL RODNEY, Individually and in His Official
Capacity; CHARLES RODRIGUEZ, Individually and in His
Official Capacity; SUJIN SAMUEL, Individually and in His
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,
Individually and in Their Official Capacities (members of the
New York City Police Department whose names are
presently unknown to plaintiff),

                          Defendants.

------------------------------------------------------------------------x



**FIRST AMENDED
COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

12 Civ. 8153 (PAC)

Plaintiff JONATHAN HILL, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3.      The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.      The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff JONATHAN HILL is a resident of the City, County, and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant AKM ALAM (Old Shield No. 10514) (New Shield No. 474) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Alam was a police officer assigned to the 33rd Precinct. Defendant Alam is being sued in his individual and official capacities.

10.      Defendant CHRISTOPHER POPOVIC is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Popovic is being sued in his individual and official capacities.

11.     Defendant RAVI RAMBARAN (Shield No. 1743) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Rambaran was a police officer assigned to Housing PSA 5.  Defendant Rambaran is being sued in his individual and official capacities.

12.     Defendant DANIEL RODNEY is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Rodney was a police officer assigned to Housing PSA 5.  Defendant Rodney is being sued in his individual and official capacities.

13.     Defendant CHARLES RODRIGUEZ (Shield No. 1502) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Rodriguez was a sergeant assigned to PSA 5.  Defendant Rodriguez is being sued in his individual and official capacities.

14.     Defendant SUJIN SAMUEL is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  Defendant Samuel is being sued in his individual and official capacities.

15.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual and official capacities.

16.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

3

17.    At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

18.    On Saturday, June 9, 2012, at about 4:00 p.m., plaintiff exited his apartment building in the James Weldon Johnson Housing Project at 1830 Lexington Avenue in Manhattan. Plaintiff was on his way to a store to buy a soda. He had to work that night. Plaintiff was not engaged in any criminal activity.

19.    The Puerto Rican Day Parade was being held that day. There were people in the courtyard outside plaintiff's apartment building, holding Puerto Rican flags, eating, playing music, and socializing.

20.    As plaintiff exited his apartment building, police officers began indiscriminately pepper spraying civilians in the courtyard, including a woman with a baby in a stroller. Officers started pushing civilians back into the apartment building. Plaintiff tried to videotape the incident with his cell phone but an officer smacked the phone out of his hand. Plaintiff retrieved the phone from the ground and retreated with other civilians into the lobby of the apartment building.

21.    After pushing plaintiff and other civilians back into the lobby of the apartment building, officers closed the front door on them. The lobby was so packed that people coming down from upstairs could not exit the elevator. Suddenly, a civilian pushed open the front door. Officers rushed in and began assaulting that person, hitting him with batons, and pepper spraying him as he lay on the lobby floor.

22.    When plaintiff protested the assault, officers threw him to the lobby floor and repeatedly punched and kicked plaintiff all over his body, including in the face. An officer twisted

4

plaintiff's left ankle in an apparent attempt to seriously injure plaintiff. Plaintiff did not provoke the assault and offered no physical resistance.

23.     Officers next took plaintiff into custody and placed excessively tight handcuffs on him. Plaintiff pleaded with officers to loosen the handcuffs to no avail. Plaintiff then was taken to PSA 5 and later to Central Booking at 100 Centre Street in Manhattan.

24.     In connection with plaintiff's arrest, officers prepared a false and misleading police report which they forwarded to the Manhattan County District Attorney's Office ("District Attorney"). As a result, the District Attorney decided to prosecute plaintiff.

25.     Plaintiff was arraigned the next day, Sunday, June 10, 2012, in New York County Criminal Court and charged with Resisting Arrest and Disorderly Conduct. He pleaded not guilty. Plaintiff was released on his own recognizance at about midnight, after approximately 30 hours in custody.

26.     On July 19, 2012, the criminal case against plaintiff was adjourned in contemplation of dismissal.

27.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, loss of income, and violation of his constitutional rights.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

28.     Plaintiff repeats and realleges paragraphs "1" through "27" with the same force and effect as if they were fully set forth herein.

29.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any

crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

30.    Plaintiff repeats and realleges paragraphs "1" through "29" with the same force and effect as if they were fully set forth herein.

31.    Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

32.    Plaintiff repeats and realleges paragraphs "1" through "31" with the same force and effect as if they were fully set forth herein.

33.    Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

34.    Plaintiff repeats and realleges paragraphs "1" through "33" with the same force and effect as if they were fully set forth herein.

35.    Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers,

but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

36.     Plaintiff repeats and realleges paragraphs "1" through "35" with the same force and effect as if they were fully set forth herein.

37.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

38.     The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense.

39.     The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following recent civil rights actions filed against the City:

> **San Andres Sandford v. City of New York**, United States District Court, Southern District of New York, 12 CV 2634;
>
> **Ciara Caraballo v. City of New York**, United States District Court, Southern District of New York, 11 CV 8917;
>
> **Francisco Guilbe v. City of New York**, United States District Court, Southern District of New York, 11 CV 8176;
>
> **Michael Hemphill v. City of New York**, United States District Court, Southern District of New York, 11 CV 2160;
>
> **Tilas Jackson v. City of New York**, United States District Court, Southern District of New York, 09 CV 915; and
>
> **Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604.

40.    The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

41.    The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

42.    The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

43.    The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## Supplemental State Law Claims

44.    Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45.    Within ninety (90) days after plaintiff's state law claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

46.    More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

47.    This action was commenced within one (1) year and ninety (90) days after the claims accrued.

48.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

## SIXTH CLAIM FOR RELIEF

### (False Arrest Under New York Common Law)

49.    Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

8

50.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so, in violation of New York common law.

## SEVENTH CLAIM FOR RELIEF

### (Assault Under New York Common Law)

51.     Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52.     Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact, in violation of New York common law.

## EIGHTH CLAIM FOR RELIEF

### (Battery Under New York Common Law)

53.     Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent, in violation of New York common law.

## NINTH CLAIM FOR RELIEF

### (Free Speech Claim Under the New York State Constitution)

55.     Plaintiff repeats and realleges paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## TENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Common Law)

57.    Plaintiff repeats and realleges paragraphs 1 through "56" with the same force and effect as if they were fully set forth herein.

58.    The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York common law.

## ELEVENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Common Law)

59.    Plaintiff repeats and realleges paragraphs 1 through "58" with the same force and effect as if they were fully set forth herein.

60.    The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York common law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

   (A)     Compensatory damages in an amount to be determined at trial;

   (B)     Punitive damages in an amount to be determined at trial;

   (C)     Reasonable attorney's fees and costs of this litigation; and

   (D)     Such other relief as this Court deems just and proper.

Dated:        Brooklyn, New York
              April 26, 2013

                                        Respectfully submitted,

                                        *Robert T. Perry*

                                        ROBERT T. PERRY (RP-1199)
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (212) 219-9410

                                        *Attorney for Plaintiff*

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

JONATHAN HILL,                                         :
                                                      :
                              Plaintiff,              :
                                                      :
            -against-                                 :
                                                      :
THE CITY OF NEW YORK; AKM ALAM, Individually          :
and in His Official Capacity; CHRISTOPHER POPOVIC,    :
Individually and in His Official Capacity; RAVI       :
RAMBARAN, Individually and in His Official Capacity;  :      12 Civ. 8153 (PAC)
DANIEL RODNEY, Individually and in His Official       :
Capacity; CHARLES RODRIGUEZ, Individually and in His  :
Official Capacity; SUJIN SAMUEL, Individually and in His :
Official Capacity; and JOHN/JANE DOES, Nos. 1-10,     :
Individually and in Their Official Capacities (members of the :
New York City Police Department whose names are       :
presently unknown to plaintiff),                      :
                                                      :
                              Defendants.             :

-------------------------------------------------------------------------x


**FIRST AMENDED COMPLAINT**



ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*